# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ALIYA TATARI,

        Plaintiff,

v.

AMAR SAFADI,

        Defendant.

CASE NO. C18-1286 MJP

ORDER OF DISMISSAL

On August 30, 2018, Defendant filed a Notice of Removal to this Court, along with a Motion for Leave to Proceed *In Forma Pauperis*. (Dkt. Nos. 1, 2.) An amended Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 7) has been granted (Dkt. No. 15), and the Court turns its attention to the merits of the matter, pursuant to the dictates of 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> * * *
>  **(B)**  the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

Mr. Safadi's pleadings appear to be both frivolous and devoid of a claim upon which relief can be granted. In the first place, the case name under which this matter was filed, <u>Tatari v. Safadi</u>, refers to a dissolution proceeding in Snohomish County Superior Court (Cause No. 17-3-02837-31). This Court is completely without jurisdiction to hear matters (such as dissolutions) which are committed to the sole authority of the state courts.

Further examination of Mr. Safadi's Notice of Removal reveals that what he is actually attempting to remove is not the Snohomish County dissolution proceeding, but a proceeding which he entitles "Action Against Snohomish County Prosecuting Attorney Mark Kirby Roe" (Dkt. No. 2-2) which appears to be filed under the same cause number as his dissolution proceeding, but is in fact a separate piece of litigation by means of which Mr. Safadi is seeking (1) the disbarment of Mr. Roe (and a number of other attorneys who have displeased him) as well as (2) an amendment to the Revised Codes of Washington (RCW 9A.72.020, to be specific).

Mr. Safadi's explanation for how this lawsuit is properly removed to federal court is found at Paragraph 3 of his Notice of Removal:

> This action is a criminal action of which this court has original jurisdiction under the provisions of the United States Code, Title 18 §§ 1961-1968, and is one that may be removed to this court by Amar Safadi pursuant to United States Code, Title 28, Section 1455, according to the following facts: Mr. Mark Kirby Roe has committed multiple acts of racketeering which is a federal crime under the Racketeer Influenced and Corrupt Organizations Act.

Dkt. No. 2 at 2.

Mr. Safadi is correct that the violations of which he accuses Mr. Roe are found in the RICO statutes of the federal criminal code. He is incorrect in believing that he has the authority to bring suit against anyone (attorney or otherwise) under the authority of those statutes.[1] That authority is reserved to the United States Attorney.

The Court finds that Mr. Safadi's case is both frivolous and fails to state a claim upon which relief can be granted and, under the authority of 28 U.S.C. § 1915(e)(2)(B), hereby DISMISSES the above-entitled pleading with prejudice.[2]

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated October 11, 2018.

*signature*

The Honorable Marsha J. Pechman
United States Senior District Court Judge

---

[1] 28 U.S.C. § 1455 is indeed entitled "Procedure for removal of criminal prosecutions," but permits a *criminal* defendant or defendants "desiring to remove any criminal prosecution from a State court [to] file in the district court of the United States." 28 USC § 1455(a). Mr. Safadi is not a criminal defendant and the statute does not apply to him.

[2] The Court further notes that Mr. Safadi has filed essentially this identical action directly in federal court under the case name Safadi v. Roe, et al. (C18-1305-RAJ) and directs the Clerk to provide a copy of this order to the Honorable Richard A. Jones of this district.

ORDER OF DISMISSAL - 3